**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN OWEN**, *individually, and on behalf of all others similarly situated*,<br><br><br>Plaintiff,<br><br>v.<br><br>**NESTLE HEALTHCARE NUTRITION, INC.**,<br><br><br>Defendant. | Civil Action No. 22-2855 (ZNQ) (DEA)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Transfer or Stay Under the First-Filed Rule filed by Defendant Nestle Healthcare Nutrition, Inc. ("Nestle). ("Motion", ECF No. 15.) In support of its Motion, Nestle filed a Memorandum of Law. ("Moving Br.", ECF No. 15-1.) Plaintiff Steven Owen ("Plaintiff") filed an opposition ("Opp.", ECF No. 17), to which Nestle replied (Reply, ECF No. 19).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion and order the transfer of this matter to the Northern District of California.

1

I.      BACKGROUND[1]

        A.      FACTUAL BACKGROUND

        Nestle markets a line of over-the-counter nutritional beverages under its brand "Boost."

(Compl. ¶ 1.)  One of these beverages is named "Glucose Control."  (*Id.*)  It is touted as being

"designed for people with diabetes" to "help manage blood sugar."  (*Id.*)  Consumers interpret

Nestle's branding and messaging to mean that the Glucose Control products will control and

manage their blood glucose levels.  (*Id.*)  This is inconsistent, however, with a clinical trial

performed by Nestle, which "concluded that the Products were associated with merely a lesser rise

in glucose levels as compared to one other unidentified nutritional drink."  (*Id.*)  Based on the

disparity between Nestle's representations and consumers' reasonable expectations, Plaintiff

brings this suit on behalf of himself and a proposed nationwide class for:  violation of the New

Jersey Consumer Fraud Act, N.J.S. §§ 56:8-1, *et seq.* (Count I); breach of express warranty (Count

II); Breach of Implied Warranty of Merchantability (Count III); and unjust enrichment (Count IV).

        B.      PROCEDURAL HISTORY

        Plaintiff began this suit by filing the Complaint on May 16, 2022.  (ECF No. 1.)  Nestle

filed the present Motion on August 12, 2022, seeking to transfer or stay this matter to the Northern

District of California in light of an earlier-filed class action suit there:  *Horti v. Nestle Healthcare

Nutrition, Inc.*, Civ. No. 21-9812 ("the California Action").  (ECF No. 15.)

II.     LEGAL STANDARD

        The "first-to-file" rule permits "trial judges to exercise their discretion by enjoining the

subsequent prosecution of similar cases . . . in different federal district courts."  *E.E.O.C. v.

University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) *aff'd*, 493 U.S. 182 (1990).  Where

---

[1] For the purposes of the Motion, the Court accepts the facts alleged in the Complaint as true.

related suits "involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993).  The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C.*, 850 F.2d. at 972.  "The letter and the spirit of the first-filed rule . . . are grounded on equitable principles" and "the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id*. at 977 (citations omitted).  The rule permits a district court to stay, transfer, or dismiss a duplicative later-filed action. *Maximum Human Performance. Inc. v. Dymatize Enterprises, Inc.*, Civ. No. 09-235, 2009 WL 2778104 (D.N.J. Aug. 27, 2009), *report and recommendation adopted*, 2009 WL 2952034 (D.N.J. Sept. 14, 2009) (citation omitted).

The first-to-file rule, however, is not absolute.  There are exceptions that provide that a court may decline to apply the rule on the basis of "(1) rare or extraordinary circumstances; (2) inequitable conduct; (3) bad faith; (4) forum shopping; (5); where the later-filed action has developed further than the first-filed action; and (6) 'when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum.'" *Id*. (quoting *EEOC*, 850 F.2d at 976); *see also Catanese v. Unilever*, 774 F. Supp. 2d 684, 690 (D.N.J. 2011) (the rule does not apply "where there is evidence of bad faith, anticipatory suit, or forum shopping.").

## III.   DISCUSSION

Here, Nestle contends that this matter should be stayed or transferred to the Northern District of California because it is a "copycat" of the California Action that was filed nearly five months earlier and because there is significant overlap between the subject matter, claims, and

putative classes in both actions.  (Moving Br. at 1,4–8.)   Transferring the matter is therefore warranted given that "it would avoid needless inefficiencies and the risk of inconsistent judgements by consolidating [Plaintiff's] claims with the nearly identical claims in the California Action."  (*Id*. at 11.)

In response, Plaintiff argues that the first-to-file rule is inapplicable here because the California Action is not duplicative of his case, and because Nestle is merely attempting to capitalize on its success in California, where the parallel suit has already been dismissed.[2]  (Opp. at 6–8.)

According to Plaintiff, his suit is different from the California Action in that his case asserts a nationwide purchaser class (and New Jersey purchaser subclass), while the California Action asserts California and New York purchaser classes.  (Opp. at 6.)  Moreover, his suit alleges claims for breaches of express warranty and implied warranty of merchantability that the California Action does not.  (*Id*.)

        1.      There is Sufficient Overlap of Parties

It is undisputed that the two suits name Nestle as the sole defendant.  As for the respective plaintiffs, "[i]n a class action, the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat'l Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008).  Here, Plaintiff's nationwide class, if certified, would encompass the named plaintiff in the California Action, as well as its California and New York class members.  "Such a situation would cause substantial duplication of effort, and worse, potentially inconsistent rulings.  This would frustrate one of the primary purposes of the rule, which is to avoid the embarrassment of conflicting judgments."  *Id*. (citing

---

[2] The Court takes judicial notice of the docket for the *Horti* matter.  It indicates that the plaintiff was permitted to file a Third Amended Complaint, which was dismissed by the district court with prejudice in an Order issued November 7, 2022.  (ECF No. 39.)  The dismissal is currently on appeal to the Ninth Circuit based on the plaintiff's Notice of Appeal filed on November 28, 2022.  (ECF No. 42.)

*EEOC,* 850 F.2d at 977.)  Accordingly, the difference in the parties in the two suits does not weigh

against transfer of this matter.

        2.       There is Sufficient Overlap in Subject Matter

The first-to-file rule does not require that the actions be identical in order for the rule to

apply.  *See Nature's Benefit, Inc. v. NFI*, Civ. No. 06-4836, 2007 WL 2462625, at *5 (D.N.J. Aug.

27, 2007) (finding, although the claims in both lawsuits were not identical, "the complaints have

a 'substantial overlap' of parties and issues to establish *prima facie* support for implementation of

the first-to-file rule.").  Here, both cases involve the primary allegation that Nestle is misleading

consumers of its Boost, Glucose Control beverages by virtue of their labeling.  Moreover, both

cases assert claims for violations of consumer-protection laws and unjust enrichment.  That the

asserted state consumer-protection laws are different is not dispositive.  The differences in the

causes of action pled in the two cases and the remedies they seek are insufficiently material to

avoid the first-filed rule.  *Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011) (applying

first-filed rule to transfer New Jersey suit involving allegations of consumer-protection violations

associated with ice cream to California.)

        3.       Forum Shopping "Rare" Exception Does Not Weight Against Transfer

The first-to-file rule "will usually be the norm not that exception."  *E.E.O.C.*, 850 F.2d at

979.  Only "exceptional circumstances" warrant courts "exercising their discretion to depart from

the first-filed rule."  *Id*.  As a final matter, and already noted above, Plaintiff argues that Nestle's

belated attempt to transfer this matter to California is an effort to capitalize on its success in the

California Action.  The Court rejects this argument as inapplicable because Nestle did not choose

to be sued in California.  Likewise, it was Plaintiff's decision to file this suit months after the

California Action was filed.  That Nestle has succeeded to date in California weighs in favor of

transferring this suit there to conserve judicial resources and avoid the potential for conflicting judgments.

## IV.   **CONCLUSION**

For the reasons stated above, the Court will GRANT the Motion, and Order the transfer of this matter to the Northern District of California.  An appropriate Order will follow.

Date: **March 6, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**